By the Court:
McCurdy brought suit in the court of common pleas-to recover for a personal injury received while coupling cars. He was employed by the company in the capacity of yard conductor at Canton. The negligence alleged against the company was that it furnished a car with a Dowling coupler which at the time was defective in that the knuckle had been broken off. Upon the trial of the case on the usual issues plaintiff’s testimony showed that he had been in the employ of the company for more than fifteen years during-several years of which time he was employed as yard conductor. Testimony was also introduced to show that the defect in the car was open, visible to him and observable by him at the time he sustained his injury,, and furthermore that an inspector of cars had previously called his attention to the particular defect. Upon this state of the evidence the court gave to the jury, among others, the following instruction:
“Employes are presumed to be aware of and take notice of all risks and dangers which are open to observation; and they must exercise their senses, and use reasonable care under the circumstances, in examining their surroundings; and if, in the exercise of such care, the plaintiff knew or could have known of the conditions and circumstances under which the work was being done, and the dangers incident thereto, and appreciated them, he must be held to have assumed the risk.”
The substance of the condition that plaintiff must appreciate the danger before being bound by its con *121 sequence, was several times repeated in the- charge. For this limitation upon his duty, in view of the fact that he was experienced in the service in which he was employed, there is no authority nor reason whatever. A servant is bound to appreciate dangers which may result from defects of which he has, or in the exercise of due care might have, knowledge, and a failure to appreciate danger arising from such sources is no excuse. Coal & Car Co. v. Norman, 49 Ohio St., 598; Coal Co. v. Estievenard, 53 Ohio St., 43; Hesse, Admx., v. Columbus, Shawnee & Hocking Railroad Co., 58 Ohio St., 167.

Judgment reversed.

Burket, Spear, Davis, Shauck and Price, JJ., concur.